514 January 31, 2024 No. 63

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

GILBERT DONALD GUILLEN,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A179828

Argued November 30, 2023.

Liza Lanford argued the cause and filed the brief for petitioner.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Petitioner seeks judicial review of a September 26, 2022, order of the Board of Parole and Post-Prison Supervision that, pursuant to ORS 163A.100 and OAR 255-085-0020, set his sex offender notification level at Level III (High). Petitioner asserts that, because the board adopted the Static-99R actuarial instrument for classifying sex offenders, the board exceeded its statutory authority when it adopted additional rules providing for deviation from the Static-99 coding manual.

Petitioner has failed to develop his argument that the board, upon adopting an actuarial instrument, was prohibited from deviating from that instrument. Petitioner asserts that ORS 163A.100 "delegated the power to pick and apply a coding instrument based on studies, empirical data and statistics." However, that language does not appear in ORS 163A.100. ORS 163A.100 states only that the board shall "adopt by rule a sex offender risk assessment methodology for use in classifying sex offenders," resulting in placing each offender into low, moderate, or high risk categories. Although petitioner advances a number of policy arguments regarding the scientific validity of the board's choice to disregard time an individual is sex-offense-free in the community—arguments that we discussed at length in *Sohappy v. Board of Parole*, 329 Or App 28, 540 P3d 568 (2023) and *Watson v. Board of Parole*, 329 Or App 13, 20-21, 540 P3d 20 (2023)—the challenge raised in this matter is limited to petitioner's undeveloped assertion that the board exceeded its statutory authority in adopting rules that deviated from the Static-99 methodology. Because petitioner has failed to develop that argument, we reject it.

Affirmed.